IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01870-BNB

LOY VonDETTE,

    Applicant,

v.

REA TIMME, Warden, Fremont Correctional Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

    Applicant, Loy VonDette, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  Mr. VonDette is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Fremont Correctional Facility in Cañon City, Colorado.  Mr. VonDette is challenging the validity of his conviction and sentence in Garfield County District Court Case Nos. 05CR322 and 05CR426.

    On September 7, 2011, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action.  Respondents filed a Pre-Answer Response on September 28, 2011.  Mr. VonDette filed a Letter on September 30, 2011, that the Court construes as a Reply to Respondents' Pre-Answer Response.

The Court must construe the Application, Amended Application, and Reply liberally because Mr. VonDette is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

Mr. VonDette agreed to plead guilty with respect to both cases. In Case No. 05CR322, he pled guilty to attempted sexual assault involving a victim under fifteen, and in Case No. 05CR426, he pled guilty to second degree kidnapping, seize and carry, and two counts of attempted sexual assault involving a victim under fifteen. In exchange, all remaining counts were dismissed. On March 9, 2006, the state district court sentenced Mr. VonDette to a total of sixteen years of incarceration in the DOC.

Mr. VonDette asserts that he filed a direct appeal challenging the denial of his motion for extended proportionality review that was denied by the state's highest court on November 25, 2008. He further asserts that he filed a motion for reconsideration pursuant to Colo. R. Crim. P. 35(b) on September 3, 2010, which was denied on June 2, 2011. Mr. VonDette states that he did not appeal the denial of the Rule 35(b) motion.

Respondents assert that Mr. VonDette filed a motion for proportionality review on September 17, 2007; the state district court denied the motion; and Mr. VonDette appealed. The Court of Appeals (CCA) affirmed the denial, and Mr. VonDette filed a petition for certiorari review, which the Colorado Supreme Court (CSC) denied on March 22, 2010. Respondents do not address the Rule 35(b) motion for reconsideration that Mr. VonDette alleges he filed on September 3, 2010.

Based on a review of the state court docket for both Case No. 05CV322 and

Case No. 05CR426 that Mr. VonDette attached to his Reply, and the exhibits provided by Respondents, the Court finds the following:

Mr. VonDette was sentenced on March 9, 2006. Reply at Attachs. He filed a motion for proportionality review on September 17, 2007. Reply at Attachs.; Pre-Answer Resp. at Ex. C. The motion was denied on August 29, 2008. Reply at Attachs. Mr. VonDette appealed the denial on September 26, 2008, and the CCA affirmed the state district court's denial of the motion on November 25, 2009. Reply at Attachs.; Pre-Answer Resp. at Ex. F. The CSC denied Mr. VonDette's petition for certiorari review on March 25, 2010. Reply at Attachs.; Pre-Answer Resp. at H. It also appears that Mr. VonDette filed a Rule 35(b) motion for sentence on September 22, 2010, which the state district court denied on June 2, 2011. Reply at Attachs. Mr. VonDette did not appeal the denial. Reply at Attachs.

Mr. VonDette filed the instant action on July 19, 2011. The Application was deficient because he failed to state on the Court-approved form the claims he intended to raise in this action. Pursuant to the magistrate judge's order to amend, Mr. VonDette filed an Amended Application and asserted that the offenses he pled to are not so serious and grave to merit an aggravated range sentence. He seeks an extended proportionality review.

Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). Section 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

To apply the one-year limitation period, the Court first must determine when Mr. VonDette's conviction became final. Because Mr. VonDette did not file a direct appeal, his conviction and sentence became final on April 23, 2006, forty-five days after he was sentenced, which is when the time for filing a direct appeal expired. *See* Colo. App. R. 4(b). Mr. VonDette did not file the motion for proportionality review until September 17, 2007. From April 24, 2006, the day after his conviction and sentence became final, until September 16, 2007, the day prior to when he filed the proportionality review motion, Mr. VonDette did not have a postconviction motion or other collateral review pending in

4

state court. Therefore, the time for purposes of § 2244(d) was not tolled for over one year. The Court need not address the time during which the Rule 35(b) was pending for purposes of § 2244(d) because more than a year had run prior to when Mr. VonDette filed the Rule 35(b) motion.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). Generally, equitable tolling is appropriate if Mr. VonDette shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling also may be appropriate if the inmate actually is innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. *See id.* Furthermore, in order to demonstrate he pursued his claims diligently, Mr. VonDette must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978). In the rare and extraordinary case in which a habeas petitioner can demonstrate equitable tolling is appropriate on actual innocence grounds, the petitioner is not required to demonstrate he diligently pursued the actual innocence claim. *Lopez v. Trani*, 628 F.3d 1228, 1230-31 (10th Cir. 2010).

Mr. VonDette fails to allege any facts in his Application that would justify equitable tolling of the one-year limitation period. The magistrate judge also directed him to address equitable tolling in his Reply, but he failed to do so. Mr. VonDette does

not allege that he is actually innocent, that he has been pursuing his claims diligently, or that some extraordinary circumstance prevented him from filing the instant action in a timely manner.  Furthermore, the documents Mr. VonDette attached to his Reply provide sufficient data to support the Court's finding that his Application is untimely. The action, therefore, will be dismissed as barred by the one-year limitation period. Accordingly, it is

ORDERED that Application and the Amended Application are denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).  It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr. VonDette has not made a substantial showing that jurists of reason would find it debatable whether the procedural ruling is correct and whether the underlying claim has constitutional merit.

DATED at Denver, Colorado, this  22nd  day of    November   , 2011.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court